ORIGINAL

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court
## *Southern District of Georgia*

TOM KUNA d/b/a ABC COMPUTER,
    Plaintiff,

v.

COLUMBIA COUNTY, GEORGIA, by and through its
board of commissioners; CLAY WHITTLE, in his official
capacity; GARY JONES, in his official and personal capacity;
and, UNKNOWN JOHN DOES, officers with the Columbia
County Sheriff's Department,
    Defendants.

JUDGMENT IN A CIVIL CASE

CASE NUMBER: CV 197-195

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that, in accordance with the Order of this Court entered on October 29, 1998 which granted the Defendants' Motion for Summary Judgment as to Plaintiff's claims pursuant to 42 U.S.C. § 1983, Final Judgment is hereby entered in favor of the Defendants, COLUMBIA COUNTY, GEORGIA; CLAY WHITTLE; and GARY JONES, and against the Plaintiff, TOM KUNA d/b/a ABC COMPUTER. Plaintiff's claims for violation of the Georgia Constitution, slander, tortious interference with business relations, and violation of the Georgia Open Records Act are hereby DISMISSED WITHOUT PREJUDICE. Costs are hereby assessed against the Plaintiff, and are to be taxed by the Clerk of this Court.

E. O. D.

10/29/98
DATE

INITIALS

October 29, 1998
*Date*

Henry R. Crumley, Jr.
*Clerk*

*(By) Deputy Clerk*

28.

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:
   *Appeals from Final Orders Pursuant to 28 U.S.C. §1291:*
   Only final judgments (or orders) of district courts (or final orders of bankruptcy courts which have been affirmed by a district court under 28 U.S.C. §158) usually are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district court judge. Compare Fed.R.App.P. 5.1, 28 U.S.C. §636(c).

   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as to fewer than all of the claims or parties. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983), cert. denied 464 U.S. 893 (1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. Buchanan v. Stanships, Inc., 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289 (1988); Budinich v. Becton, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed 2d 178 (1988).

   *Appeals Pursuant to 28 U.S.C. §1292(b) and FRAP 5:*
   The certificate specified in 28 U.S.C. §1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself appealable.

   *Appeals Pursuant to 28 U.S.C. §1292(a):*
   Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases...." This statute does not permit appeals from temporary restraining orders.

   *Appeals Pursuant to Judicially Created Exceptions to the Finality Rule:*
   These limited exceptions are discussed in many cases, including (but not limited to): Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 2d 1528 (1949); Forgay v. Conrad, 6 How. (47 U.S.) 201 (1848); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed2d 199 (1964); Atlantic Federal Savings & Loan Assn. of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371 (11th Cir. 1989). Compare Coopers and Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978); Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988).

2. **Time for Filing:** To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) sets the following time limits:
   *FRAP 4(a)(1):*
   The notice of appeal required by FRAP 3 "shall be <u>filed with the clerk of the district court</u> within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by <u>any party</u> within 60 days after such entry...." (Emphasis added) To be effective, the notice of appeal must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. A prisoner's notice of appeal will be "deemed filed" when delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed2d 245 (1988).

   *FRAP 4(a)(3):*
   "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the <u>first</u> notice of appeal was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

   *FRAP 4(a)(4):*
   Timely service and filing, as required under the rules (see also Fed.R.Civ.P. 6(b)), of motions under Fed.R.Civ.P. 50(b), 52(b) or 59 destroys the finality of the judgment and renders any notice of appeal filed before disposition of the motion(s) without effect. See Wright v. Preferred Research, Inc., 891 F.2d 886 (11th Cir. 1990). A new notice of appeal must be filed after disposition of the motion.

   *FRAP 4(a)(5) and FRAP 4(a)(6):*
   The <u>district</u> court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension is filed within 30 days after expiration of the time otherwise permitted to file a notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

   **Format of Notice of Appeal:** Form 1, FRAP Appendix of Forms, is a suitable format. See also FRAP 3(c). A single notice of appeal may be filed from a (single) judgment or order by one or more persons "whose interests are such as to make joinder practicable..." (FRAP 3(b))

   **Effect of Notice of Appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely and effective notice of appeal, except for actions in aid of appellate jurisdiction (see Fed.R.Civ.P. 60) or to determine an award of attorney's fees to a prevailing party. See United States v. Rogers, 788 F.2d 1472 (11th Cir. 1986); Budinich v. Becton, 486 U.S. 196, 108 S.Ct.

# United States District Court
## Southern District of Georgia

| | | | |
|---|---|---|---|
| <u>KUNA</u> ) | | | |
| vs ) | CASE | <u>CV 197-195</u> | |
| <u>COLUMBIA COUNTY, GEORGIA</u> ) | DIVISION | <u>AUGUSTA</u> | |

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated <u>10/29/98</u>, which is part of the official record of this case.

Date of Mailing: <u>10/29/98</u>

Date of Certificate   ☒ same date,   or _____

Henry R. Crumley, Jr., Clerk

By: _____
Deputy Clerk

<u>Name and Address</u>

TOM KUNA, ABC COMPUTER, 3822 EAST COMMERCIAL CT., MARTINEZ, GA 30907
ANDREW H. MARSHALL & MICHAEL C. PRUETT, ESQS., P.O. BOX 8108, ATHENS, GA 30603-8108

☒ Copy placed in Minutes
☒ Copy given to Judge
☐ Copy given to Magistrate